UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BURNELL PEARSON, JR. (#331496)

VERSUS                                                        CIVIL ACTION

STATE OF LOUISIANA, ET AL                         NUMBER 11-73-BAJ-CN

## ORDER OF DISMISSAL

Petitioner, Burnell Pearson, Jr., filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges the constitutionality of his 2001 state court convictions and sentences on charges of armed robbery, attempted armed robbery and first degree robbery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana under docket number 02-01-208.

On February 18, 2011, a magistrate judge's report was issued recommending that the federal habeas corpus application be dismissed for failure to exhaust state court remedies based on the petitioner's assertion that his direct appeal, filed on or about April 19, 2004, under docket number 2004-KA-0490, remains pending before the Louisiana First Circuit Court of Appeal.

Petitioner filed an objection to the magistrate judge's report in which he argued that the Court failed to address his motion to stay these proceedings pending review of his direct appeal by the state courts.

On March 24, 2011, the District Attorney for the Parish of East Baton Rouge, Louisiana, was ordered to advise the Court, in writing, regarding the status of the petitioner's direct appeal filed on or about April 19, 2004 in the Louisiana First Circuit

Court of Appeal under docket number 2004-KA-0490 and any writs of review filed in the Louisiana Supreme Court.

In response to the Court's order, the District Attorney filed a copy of the opinion of the Louisiana First Circuit Court of Appeal issued on October 29, 2004. The District Attorney was advised by the Louisiana Supreme Court that there have been no filings with that court on behalf of the petitioner regarding his state court appeal. A review of the state court record showed that the Louisiana First Circuit Court of Appeal affirmed the petitioner's convictions and sentences. *State of Louisiana v. Burnell Pearson, Jr.*, 2004-0490 (La. App. 1st Cir. 10/29/04) (unpublished opinion). Petitioner did not file an application for a writ of certiorari in the Louisiana Supreme Court.

Petitioner signed his federal habeas corpus application on February 4, 2011, and it was filed on February 10, 2011. No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent

judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final on November 29, 2004.[1] Petitioner did not seek state post-conviction relief. By the time the petitioner filed a federal habeas

---

[1] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires ninety days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct-appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

corpus application, the limitations period had already elapsed.[2] Petitioner's federal habeas corpus application was not timely filed.[3]

Accordingly, **IT IS ORDERED** that the petitioner's application for habeas corpus relief be **DISMISSED**, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, March 29, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[2] Although the entire state court record was not filed in response to the court's March 24, 2011 order, the portions of the state court record produced are sufficient to determine whether the petitioner's federal habeas corpus application is timely. Moreover, the dates relied upon to determine timeliness are undisputed by the petitioner.

[3] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).